UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYI D. NETTLES,

     Plaintiff,

v.                                                    Case No. 3:22cv6841-MCR-HTC

K. HALEY, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Tyi D. Nettles, a pretrial detainee proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 relating to the state criminal investigation which resulted in his arrest.  ECF Doc. 1.  After reviewing the complaint, the undersigned concludes it should be dismissed because Plaintiff failed to accurately disclose his litigation history.

## I.    BACKGROUND

Plaintiff's complaint names two defendants: K. Haley, a deputy with the Escambia County Sheriff's Office ("ECSO"), and Chip Simmons, the Sheriff of Escambia County.  ECF Doc. 1 at 1-3.  It describes an investigation conducted by the ECSO and Pensacola Police Department ("PPD") which led to Plaintiff's arrest for, among other things, aggravated battery and possession of a firearm by a

convicted felon. Defendant Haley wrote the probable cause affidavit justifying Plaintiff's arrest.[1] It reveals the following.

On May 20, 2021, Haley responded to 221 Weis Lane in reference to a "shots fired disturbance." While enroute, dispatch advised Haley a call was received indicating a black Dodge Charger and silver four-door sedan had possibly fled the scene of the incident. After arriving, Haley observed blood and shell casings on the driveway of the residence. A witness told Haley he heard four to five gunshots and saw a black Dodge Charger and silver four-door sedan fleeing the residence. Haley then contacted Devon Dixon, a resident of 221 Weis Lane, who indicated that when he left the residence at 1:00 p.m. it was occupied by his roommate, Plaintiff.

Dispatch advised Haley: (1) the PPD was at the scene of a traffic accident involving a black Dodge Charger occupied by Ashley and Darby Boudreaux; and (2) Ashley Boudreaux was transported to Sacred Heart Hospital for treatment. Investigator Fetterhoff informed Haley he had gone to Baptist Hospital and spoke with Tony Elpers, an individual being treated for multiple lacerations to his head. Elpers told Fetterhoff he went to 221 Weis Lane to buy marijuana but, after the transaction, Dixon's roommate began yelling about missing money and struck him

---

[1] Plaintiff cites to, and "incorporate[s] by reference," portions of the probable cause affidavit. ECF Doc. 1 at 17-21. Although Plaintiff did not attach a copy of the affidavit to the complaint, the Court was able to access a copy from the Escambia County Clerk of Court's website. The Court will take judicial notice of the affidavit and attach a copy to this Report and Recommendation. *See* Fed. R. Evid. 201.

in the head multiple times with a pistol. Elpers identified Plaintiff as the individual responsible for the attack from a photo lineup.

Investigator Heino told Haley he responded to the intersection of Barrancas Avenue and South N Street and spoke with Darby Boudreaux. Darby told Heino she went to 221 Weis Lane to purchase marijuana with her sister, Ashley Boudreaux. After entering the residence, Ashley returned to Darby's Dodge Charger. Darby then indicated a black male exited the residence, yelled about $20 being missing, and struck a white male in the head with a firearm. The black male subsequently pointed the firearm at Darby and asked her about the missing money. The black male then walked out of sight and Darby heard several gunshots. Darby fled to Barrancas Avenue and South N Street, parked, and called 911. Darby advised Heino her rear windshield was damaged and she believed it was the result of gunfire. Darby identified Plaintiff as the black male with the firearm from a photo lineup. Likewise, Ashley Boudreaux spoke with Fetterhoff, corroborated Darby's statement, and identified Plaintiff as the suspect from a photo lineup.

Based on this probable cause affidavit, Plaintiff was arrested and charged with multiple felonies. He is currently detained at the Escambia County Jail and facing charges of aggravated battery and possession of a firearm by a convicted felon. *See State of Florida v. Nettles*, Escambia County Circuit Court Case No. 2021 CF 002370 A.

Plaintiff's complaint alleges Defendant Haley "committed fraud/perjury" when he stated in the affidavit that the Boudreauxs had been involved in a traffic accident. ECF Doc. 1 at 16-20. Plaintiff asserts Darby Boudreaux's statement to Heino indicating her rear windshield had been damaged during the incident at 221 Weis Lane and that she had "parked" at the intersection of Barrancas Avenue and South N Street prove that no traffic accident occurred and Haley's statement was false. *Id.* Plaintiff appears to claim that Haley's actions concealed "material exculpatory evidence" from the prosecutor and resulted in his detention.

Based on the foregoing, Plaintiff alleges Haley's inclusion of the false statement in the probable cause affidavit violated the Fourth and Fourteenth Amendments. As relief, Plaintiff seeks: (1) a declaration that his constitutional rights were violated; (2) an injunction requiring Haley to stop writing false statements in arrest reports; (3) that Haley be fined and criminally charged for fraud or perjury; (4) the dismissal of all charges against him and his release from jail; and (5) compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from a governmental entity, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and conclusory allegations are not entitled to a presumption of truth. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).

## III.    ANALYSIS

The Northern District of Florida's standard civil rights complaint form for *pro se* prisoner litigants requires them to accurately disclose their litigation history.[2] Relevant here, the form asked Plaintiff whether he previously had any case dismissed for a reason listed in § 1915(g) which counts as a "strike." ECF Doc. 1 at 6; *see also* 28 U.S.C. § 1915(g) (identifying "strikes" as cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted). Plaintiff answered "no" to this question. *Id.* The complaint form also asked whether Plaintiff filed any other lawsuit in federal court either challenging his conviction or otherwise relating to the conditions of his confinement. *Id.* at 7. Plaintiff once again answered "no." At the end of the complaint form, Plaintiff signed his name after the following

---

[2] Plaintiff used an older version of the complaint form, but that version also included a section on litigation history.

statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 8-9.

The Court takes judicial notice that Plaintiff failed to disclose N.D. Fla. Case No. 3:08cv491-RV-EMT, which was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim and for seeking monetary relief against a defendant who is immune from such relief.[3]  Thus, Plaintiff failed to answer truthfully to two questions on the complaint form.  The Court should not allow Plaintiff's false responses to go unpunished.  An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.  *See Bratton v. Sec'y DOC*, Case No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, Case No. 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice when prisoner failed to disclose one prior federal case); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an

---

[3] The Court has confirmed Plaintiff filed N.D. Fla. Case No. 3:08cv491-RV-EMT.  The name of the plaintiff in the 2008 case is Tyi Dejesus Nettles, Jr., which matches the Plaintiff in this case.  In addition, when the inmate number provided by the plaintiff in the 2008 case is entered into the Florida Department of Corrections website, it indicates the plaintiff's birthday is September 1, 1979, which matches the birthday found on the arrest report forming the basis of Plaintiff's claims in this case.

infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, N.D. Fla. Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

The Court also notes that Plaintiff's allegations are frivolous.[4] First, Defendant Haley never stated he witnessed a traffic accident involving the Boudreauxs; Haley indicated dispatch told him that information. Regardless, whether or not Darby Boudreaux was involved in a traffic accident has nothing to do with whether Defendants had probable cause to arrest Plaintiff for aggravated battery and being a felon in possession of a firearm, and certainly does not show Haley "failed to disclose compelling exculpatory evidence." Moreover, Plaintiff is not entitled to any of the relief he requests.

Under *Younger v. Harris* and its progeny, Plaintiff is not entitled to declaratory and injunctive relief because his state criminal proceeding is pending and began before he filed this suit, a criminal prosecution implicates an important

---

[4] As stated above, a dismissal based on frivolousness counts as a "strike" under 28 U.S.C. § 1915(g).

state interest, and Plaintiff can raise his constitutional claims in the state criminal proceeding.[5]  *See e.g., Turner v. Broward Sheriff's Office*, 542 F. App'x 764 (11th Cir. 2013) (affirming dismissal of § 1983 action under *Younger* where plaintiff alleged he was arrested based upon falsified police reports and affidavits; noting "criminal proceedings involve important state interests" and plaintiff "could have raised his constitutional challenges in the state criminal proceedings").

Plaintiff also asks the Court to fine Defendant Haley and charge him with "fraud/perjury." ECF Doc. 1 at 22.  However, the Court cannot order the prosecution of an individual and Plaintiff has no judicially cognizable interest in another individual's prosecution.  *See United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (noting "[t]he decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced"); *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

---

[5] Plaintiff is also not entitled to monetary damages because his claims are frivolous, and therefore the Court could dismiss, rather than stay these proceedings until the state criminal matter was resolved.  *See Marts v. Hines*, 68 F.3d 134, 135 (5th Cir. 1995) (when considering whether to stay or dismiss a damages claim under *Younger*, a district court should make "the threshold determination whether the action is frivolous").

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) for abuse of the judicial process for failure to disclose.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of July, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.